UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JESSICA PHILIUS,

Petitioner,

v.

CHRISTOPHER LaROSE; MARKWAYNE MULLIN; TODD BLANCHE; TODD M. LYONS; and JESUS ROCHA,

Respondents.

Case No.: 3:26-cv-5860-JES-AHG

**ORDER GRANTING WRIT FOR PETITION OF HABEAS CORPUS**

**[ECF No. 10]**

Before the Court is Petitioner Jessica Philius' Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 10. Pursuant to the Court's OSC order (ECF No. 11), Respondents filed a response. ECF No. 13. Petitioner did not file a traverse.

Petitioner is a native of Haiti who entered the United States without inspection in May 2024. ECF No. 10 at 1. She alleges that she fled Haiti out of fear of being killed and is not literate, having never attended school. *Id.* She lived in Florida, and on August 23, 2025, she was involved in a domestic dispute and was arrested on misdemeanor battery charges in Broward County, Florida. *Id.* Though she was arrested, she alleges that no charges were filed. *Id.* However, immediately after the arrest on August 24, 2025, she was

taken into immigration custody, and has remained in detention since, now being held at Otay Mesa Detention Center. *Id.* at 2-3.

Petitioner argues in her amended petition that she is not mandatorily detained under 8 U.S.C. § 1225 because she was detained in the interior of this country, and is therefore entitled to a bond hearing under § 1226(a). *Id.* at 3. Petitioner then argues for a bond hearing under the *Banda v. McAleenan*, 385 F. Supp.3d 1099 (W.D. Wash. 2019), line of cases, which technically applies to prolonged detention pursuant to 8 U.S.C. § 1225. *Id.* at 3-4.

In their return, Respondents contend that Petitioner is mandatorily detained under 8 U.S.C. § 1226(c)(1)(E) based on her arrest for misdemeanor battery causing bodily harm. ECF No. 13 at 2. However, based on the length of detention—which, to date, is over 14 months long at this point—Respondents concede that she is entitled to a bond hearing pursuant to *Lopez v. Garland*, 631 F. Supp. 3d 870, 882-83 (E.D. Cal. 2022). *Id.* at 2-3.

At the outset, the Court notes that there are issues with each party's arguments as to what provision of the Immigration and Nationality Act governs Petitioner's detention and what relief that entitles her to. For Petitioner, she seems to argue that she is detained under § 1226(a), but invokes *Banda* cases which technically apply to § 1225 prolonged detention and does not cite to any cases that apply the *Banda* framework in § 1226(a) detentions. For Respondents, they allege that Petitioner is detained under § 1226(c) simply based on her arrest for misdemeanor battery causing bodily harm, but fail to explain how her arrest and/or that charge qualify under that section, which requires an act that "constitute[s] the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in *death or serious bodily injury* to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Petitioner never filed a traverse, and thus, has not responded to the argument on whether she could properly be detained under § 1226(c).

Despite these issues, however, both parties appear to agree to a bond hearing, with the same protections. Indeed, even though the *Lopez* case cited by Respondents applies to § 1226(c) whereas the *Banda* case cited by Petitioner applies to § 1225, *Lopez* cited

extensively to *Banda*, adopted a similar test with some overlapping factors, and ultimately both reached similar burdens of proof and requirements on the bond hearings. Thus, in light of the positions taken by the parties and the abbreviated briefing, the Court will decline to reach the issue of what provision governs Petitioner's detention and order a bond hearing under *Banda/Lopez*.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Petitioner's petition, and **ORDERS** as follows:

(1) The Court **ORDERS** the government to provide the Petitioner (noncitizen) with a constitutionally adequate and individualized bond determination hearing within **<u>fourteen days</u>** of this Order, unless the noncitizen requests a continuance.

a. At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that the noncitizen is a danger to the community or a flight risk if released;

b. The IJ **SHALL** consider alternative conditions of release and the noncitizen's ability to pay bond if he or she determines bond is appropriate; and

c. The government **SHALL** make a complete record of the bond hearing available to the non-citizen and her counsel.

(2) The government is **ORDERED** to File a Notice of Compliance within **<u>five days</u>** of providing the noncitizen with the bond hearing, including apprising the Court of the results of the hearing and providing a copy of the bond order.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: November 6, 2026



Honorable James E. Simmons Jr.
United States District Judge